# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR-EL, <br><br> Petitioner, <br><br> v. <br><br> DANIEL PARAMO, Warden, <br><br> Respondent. | Civil No. 14cv2352-H (BLM) <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On October 2, 2014, Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding and loss of custody credits. He neither paid the $5.00 filing fee nor filed an application to proceed in forma pauperis. On October 16, 2014, this Court dismissed the action without prejudice and with leave to amend. (See Doc. No. 2.) The Court gave Petitioner until December 15, 2014, to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee. The Court also told Petitioner that in order to pursue his case, he must file a First Amended Petition that cured the pleading deficiency outline in the Court's December 15, 2014 order, namely, that he allege exhaustion of his state judicial remedies. (Id.) Petitioner filed a First Amended Petition on December 8, 2014. (See Doc. No. 3.)

/ / /

/ / /

## FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner still has not paid the $5.00 filing fee or submitted adequate proof of his inability to pay the fee. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

In addition, Petitioner has still failed to allege exhaustion of his state judicial remedies. Habeas petitioners who wish to challenge either their state court conviction, the length of their confinement in state prison, or a prison disciplinary proceeding which resulted in a loss of credits must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege in state court how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." See Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

Petitioner does not allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must say so. The Court reminds Petitioner that a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[1] The statute of limitations does not run while a properly filed state habeas

---

[1] The limitation period runs from the latest of:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

corpus petition is pending. 28 U.S.C. § 2244(d)(2); see <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). But see <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

## CONCLUSION

For the foregoing reasons, the Court dismisses this action without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than February 23, 2015**: (1) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee; **AND** (2) filed a Second Amended Petition that cures the pleading deficiencies set forth above. The Court further orders the clerk to send petitioner a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California Second Amended Petition form along with a copy of this Order.

/ / /

/ / /

/ / /

---

review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

Further, the Court advises Petitioner that if he has not alleged exhaustion of his state court remedies before February 23, 2015, he will have to start over by filing a completely new habeas petition in this Court which will be given a new civil case number.

**IT IS SO ORDERED.**

DATED: December 22, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT